835 A.2d 542

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Craig Robert TINSKY.

Misc. AG No. 7 & 20, Sept. Term, 2002.

Court of Appeals of Maryland.

Nov. 10, 2003.

Melvin Hirshman, Bar Counsel and James P. Botluk, Assistant Bar Counsel for the Attorney Commission of Maryland, for petitioner.

No argument on behalf of respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

BATTAGLIA, Judge.

The Respondent, Craig Robert Tinsky, was admitted to the Bar of this Court on December 15, 1994. He presently does not maintain a law office in Maryland.

On March 19, 2002 and April 17, 2002, the Attorney Grievance Commission, acting through Bar Counsel, and pursuant to Maryland Rule 16–712(b)(5),[1] filed two petitions with this Court for disciplinary action against Tinsky, Respondent, alleging violations of the Maryland Rules of Professional Conduct (hereinafter "MRPC"). In its petition filed on March 19, 2002, the Commission charged Respondent with violations of MRPC 1.1 (Competence),[2] 1.3 (Diligence),[3] 1.4(a) and (b)

---

**1. Rule 16–712. Bar Counsel.**
  (b) **Powers and Duties.** Subject to the supervision and approval, if required, of the Commission, Bar Counsel has the powers and duties to:
                         * * *
  (5) file and prosecute petitions for disciplinary and remedial actions in the name of the Commission. . . .

**2. Rule 1.1. Competence.**
  A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

**3. Rule 1.3. Diligence.**

(Communication)[4], 1.16(d) (Declining or Terminating Representation),[5] and 8.4(d) (Misconduct)[6] in Tinsky's representation of Behrooz Irani in connection with his bankruptcy case. In its petition filed on April 17, 2002, the Commission charged Respondent with violations of MRPC 1.1 (Competence), 1.3 (Diligence), 1.16(d) (Declining or Terminating Representation), and 8.4(d) (Misconduct) in Tinsky's representation of Robert Alonzo Taylor in connection with two criminal matters. Pursuant to Rule 16–757,[7] this Court referred the two petitions to

---

A lawyer shall act with reasonable diligence and promptness in representing a client.

**4. Rule 1.4. Communication.**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

**5. Rule 1.16. Declining or Terminating Representation.**

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not be earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

**6. Rule 8.4. Misconduct.**

It is professional misconduct for a lawyer to:
(d) engage in conduct that is prejudicial to the administration of justice.

**7. Rule 16–757. Judicial hearing.**

(a) **Generally.** The hearing of a disciplinary or remedial action is governed by the rules of evidence and procedure applicable to a court trial in a civil action tried in a circuit court. Unless extended by the Court of Appeals, the hearing shall be completed within 120 days after service on the respondent of the order designating a judge. Before the conclusion of the hearing, the judge may permit any complainant to testify, subject to cross-examination, regarding the effect of the alleged

Judge Richard H. Sothoron of the Circuit Court for Prince George's County to conduct an evidentiary hearing and make findings of fact and conclusions of law.

On July 16, 2002, Petitioner served Respondent with process on both petitions through the Client Protection Fund, after attempts to serve Tinsky personally were unsuccessful. On March 7, 2003, an Order of Default was entered as to both petitions and notice of that Order was sent to Respondent at his last known address. The order allowed Respondent 30 days within which to move to vacate the order. No motion to vacate was filed.

Judge Sothoron held a hearing on the Irani and Taylor matters on April 25, 2003 but Respondent neither attended nor participated. Respondent did not appear for oral argument before this Court.

## I. *Findings of Fact and Conclusions of Law*

In a memorandum opinion addressing both matters, dated May 1, 2003, the hearing judge entered the following Findings of Fact and Conclusions of Law:

"The Petitioner, the Attorney Grievance Commission of Maryland, filed a Petition for Disciplinary or Remedial Action in the Court of Appeals of Maryland in Misc. Docket AG No. 7, September Term 2002, on March 19, 2002. On March 26, 2002, the Court of Appeals assigned the case to this Court for a hearing in accordance with Maryland Rule 16–757. After attempts to serve the Respondent personally were unsuccessful, Petitioner served Respondent with process through the Client Protection Fund on July 16, 2002. This Court entered an Order of Default on March 7, 2003, and the Clerk of the Circuit Court sent notice of that Order to Respondent's last known address. A hearing on this

misconduct. A respondent attorney may offer, or the judge may inquire regarding, evidence otherwise admissible of any remedial action undertaken relevant to the allegations. Bar Counsel may respond to any evidence of remedial action.

matter was held on April 25, 2003. Respondent did not appear at the hearing.

"Petitioner alleges that Respondent violated Rules 1.1, 1.3, 1.4, 1.16(d) and 8.4(d) in his representation of Behrooz Irani in connection with his bankruptcy case. Petitioner produced at the hearing an affidavit of the Complainant, Shernaz Irani, and the pertinent documents from the bankruptcy case.

"The Court finds by clear and convincing evidence that Behrooz Irani retained Respondent in September 1997 and was paid a total of $925.00 for his fee and expenses. Although Mr. Irani cooperated with Respondent and provided him all the information and documentation he requested, Respondent did not file his Chapter 7 petition for discharge until February 10, 2000. Respondent failed to attach to the petition the required schedules and statement of financial affairs. The Bankruptcy Court notified Respondent of the deficiencies, but Respondent failed to amend the petition. The Bankruptcy Court dismissed Mr. Irani's bankruptcy petition on February 29, 2000. Respondent filed a Motion to Strike the dismissal order on March 14, 2000. The Bankruptcy Court subsequently denied the Motion to Strike on June 13, 2000. Respondent's Motion to Strike was not timely filed, contained no legal basis, and failed to include the additional financial information required by the Court. Throughout the course of the representation, Respondent failed to return telephone calls from his client and he did not keep him informed of developments in the case. Respondent never refunded his fee, although the services rendered to Mr. Irani were of no value to him. Respondent closed his office in Upper Marlboro, Maryland.

"The Court finds that by his conduct, Respondent violated Rules 1.1, 1.3, 1.4, 1.16(d) and 8.4(d) of the Maryland Rules of Professional Conduct. Respondent acted incompetently in violation of Rule 1.1 of the Maryland Rules of Professional Conduct by failing to submit the required schedules and statement of financial affairs along with Mr. Irani's bankruptcy petition, by failing to provide these materials when

requested by the Court, and by failing to file a timely and appropriate opposition to the dismissal of Mr. Irani's petition.

"Respondent did not act with reasonable diligence in his representation of Mr. Irani, in violation of Rule 1.3 of the Maryland Rules of Professional Conduct, by delaying over two years after he was retained before filing the bankruptcy petition, then not filing additional materials requested by the Court in a timely manner, and by failing to file the Motion to Strike the dismissal order within the time permitted.

"Respondent failed to keep his client informed of the status of the case and did not respond to his inquires regarding the case in violation of Rule 1.4 of the Maryland Rules of Professional Conduct.

"Respondent violated Rule 1.16(d) of the Maryland Rules of Professional Conduct by not refunding his unearned fee and by abandoning his practice.

"Respondent's lack of any effective action on behalf of his client in connection with the bankruptcy case, particularly in failing to supply information requested by the Court and his untimely filing of the Motion to Strike, was conduct prejudicial to the administration of justice in violation of Rule 8.4(d) of the Maryland Rules of Professional Conduct.

"Petitioner filed a Petition for Disciplinary Action in the Court of Appeals on April 17, 2002, in Misc. Docket AG No. 20, September Term 2002. That case was assigned to this Court on April 22, 2002. Respondent was served by service on the Client Protection Fund. He filed no answer to the Petition for Disciplinary Action. An Order of Default was entered on March 7, 2003, and the Clerk sent a notice to Respondent's last known address. A hearing was held on March 25, 2003.[8] Respondent did not appear.

---

8. The record indicates that the hearing in the Taylor matter occurred on April 25, 2003.

"Petitioner alleges that Respondent violated Rules 1.1, 1.3, 1.16(d) and 8.4(d) of the Maryland Rules of Professional Conduct in this matter. Petitioner introduced at the hearing an affidavit from the Honorable Steven I. Platt and a certified copy of the Circuit Court file for the case of *State of Maryland v. Robert Alonzo Taylor*, Case No. CA00–4636J.

"The Court finds by clear and convincing evidence that Respondent was retained by Robert Alonzo Taylor to represent him in two criminal matters pending in the Circuit Court for Prince George's County, Maryland. Respondent received a fee and entered his appearance in those two cases. He failed to appear at trials scheduled for February 5 and April 2, 2001. Without notice to the Court or his client, Respondent closed his law office in Upper Marlboro, Maryland.

"Respondent's failure to appear at his client's criminal trial on two occasions was incompetent representation and showed lack of diligence, in violation of Rules 1.1 and 1.3 of the Maryland Rules of Professional Conduct. His failure to notify his client of his closing of his office, his taking a fee without appearing at trial, and his disappearance while his client's criminal cases were pending violated Rule 1.16 of the Maryland Rules of Professional Conduct, pertaining to termination of representation. His failure to appear in court and abandonment of his client, who was facing criminal charges in two cases, was conduct prejudicial to the administration of justice, in violation of Rule 1.6 of the Maryland Rules of Professional Conduct."

## II.  *Standard of Review*

This Court exercises " 'original and complete jurisdiction for attorney disciplinary proceedings in Maryland,' and conducts 'an independent review of the record.' " *Attorney Grievance Comm'n v. Blum*, 373 Md. 275, 293, 818 A.2d 219, 230 (2003) (quoting *Attorney Grievance Comm'n v. McLaughlin*, 372 Md. 467, 492, 813 A.2d 1145, 1160 (2002) (citations omitted)). "In conducting that review, we accept the hearing

judge's findings of fact as *prima facie* correct unless shown to be 'clearly erroneous,' and we give due regard to the hearing judge's opportunity to assess the credibility of witnesses." *Id.* (citing *Attorney Grievance Comm'n v. Wallace,* 368 Md. 277, 288, 793 A.2d 535, 542 (2002)). "As to the hearing judge's conclusions of law," however, " 'our consideration is essentially *de novo.*' " *Id.* (quoting *Attorney Grievance Comm'n v. Dunietz,* 368 Md. 419, 428, 795 A.2d 706, 710–11 (2002) (quoting *Attorney Grievance Comm'n v. Thompson,* 367 Md. 315, 322, 786 A.2d 763, 768 (2001) (quoting *Attorney Grievance Comm'n v. Briscoe,* 357 Md. 554, 562, 745 A.2d 1037, 1041 (2000)))). This is true even where default orders have been entered by the hearing judge. *Attorney Grievance Comm'n v. Harrington,* 367 Md. 36, 49, 785 A.2d 1260, 1267–68 (2001).

### III. *Discussion*

Neither party has filed any exceptions to the findings, and Respondent did not appear at the oral argument in this Court. On the record before us, we sustain Judge Sothoron's findings and hold that his conclusions of law are supported by the facts.

Bar Counsel has recommended that Respondent be disbarred for his violations of MRPC 1.1, 1.3, 1.4, 1.16(d) and 8.4(d). Specifically, Bar Counsel has identified Respondent's "complete and unexplained abandonment of his law practice and his failure to return unearned fees" as justification for his disbarment.

In a case similar to the present case, that of *Attorney Grievance Comm'n v. Wallace,* 368 Md. at 289–90, 793 A.2d at 542–43, in which we disbarred Wallace, we noted that:

[i]t is well-settled that the purpose of disciplinary proceedings is to protect the public rather than to punish the erring attorney. *Attorney Grievance Comm'n of Maryland v. Myers,* 333 Md. 440, 446–47, 635 A.2d 1315, 1318 (1994); *Attorney Griev. Comm'n v. Goldsborough,* 330 Md. 342, 364, 624 A.2d 503, 513 (1993); *Attorney Griev. Comm'n v. Protokowicz,* 329 Md. 252, 262–63, 619 A.2d 100, 105 (1993); *Attorney Griev. Comm'n v. Myers,* 302 Md. 571, 580, 490

A.2d 231, 236 (1985); *Attorney Griev. Comm'n v. Velasquez,* 301 Md. 450, 459, 483 A.2d 354, 359 (1984); *Attorney Griev. Comm'n v. Montgomery,* 296 Md. 113, 119, 460 A.2d 597, 600 (1983). The public interest is served when this Court imposes a sanction which demonstrates to members of the legal profession the type of conduct that will not be tolerated. *Attorney Griev. Comm'n v. Kerpelman,* 288 Md. 341, 382, 420 A.2d 940, 959 (1980), *cert. denied,* 450 U.S. 970, 101 S.Ct. 1492, 67 L.Ed.2d 621 (1981). By imposing such a sanction, this Court fulfills its responsibility 'to insist upon the maintenance of the integrity of the Bar and to prevent the transgression of an individual lawyer from bringing its image into disrepute.' *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 549, 318 A.2d 811, 814 (1974). Therefore, the public interest is served when sanctions designed to effect general and specific deterrence are imposed on an attorney who violates the disciplinary rules. *See Protokowicz,* 329 Md. at 262–63, 619 A.2d at 105; *Attorney Griev. Comm'n v. Owrutsky,* 322 Md. 334, 355, 587 A.2d 511, 521 (1991); *Attorney Griev. Comm'n v. Alison,* 317 Md. 523, 540–41, 565 A.2d 660, 668 (1989). Of course, what the appropriate sanction for the particular misconduct is, in the public interest, generally depends upon the facts and circumstances of the case. *Attorney Griev. Comm'n v. Babbitt,* 300 Md. 637, 642, 479 A.2d 1372, 1375 (1984) (the facts and circumstances of a case will determine how severe the sanction should be); *Montgomery,* 296 Md. at 120, 460 A.2d at 600; *Attorney Griev. Comm'n v. Pollack,* 289 Md. 603, 609, 425 A.2d 1352, 1355 (1981). The attorney's prior grievance history, as well as facts in mitigation, constitutes part of those facts and circumstances. *Maryland State Bar Ass'n v. Phoebus,* 276 Md. 353, 362, 347 A.2d 556, 561 (1975). *Id.* at 289–90, 793 A.2d at 542–43 (quoting *Attorney Grievance Comm'n v. Franz,* 355 Md. 752, 760–61, 736 A.2d 339, 343–44 (1999)).

After exploring other cases involving client neglect and failure to return client funds, we directed that Wallace be disbarred in language equally applicable to the present case:

The record in the case at bar does not indicate that respondent has received any previous reprimands or sanctions from this Court; nevertheless, the volume and severity of the complaints against respondent lead us to conclude that the appropriate sanction against respondent is disbarment. Respondent has engaged in a pattern of conduct that only the most severe sanction of disbarment will provide the protection to the public that this procedure is supposed to provide. Respondent's lack of diligence, his lack of preparation, his failure to communicate with his clients, his charging of unreasonable fees, his failure to account for and return monies, his misrepresentations, and his failure to comply with Bar Counsel's requests all lead to the most severe sanction of disbarment.

*Id.* at 293, 793 A.2d at 545.

In *Attorney Grievance Comm'n v. Faber,* 373 Md. 173, 817 A.2d 205 (2003), we also disbarred another attorney for violations of 1.1, 1.2, 1.3, 1.4 and 1.16, even without a finding of a violation of Rule 8.4(d), in language relevant to the case at bar:

This Court consistently has regarded neglect of client needs and failure to communicate with clients to be violations of the Rules of Professional Conduct warranting the imposition of some disciplinary sanction. *See Attorney Grievance Comm'n v. Manning,* 318 Md. 697, 703, 569 A.2d 1250, 1253 (1990) (citing *Attorney Grievance Comm'n v. Gallagher,* 306 Md. 107, 115, 507 A.2d 625, 629 (1986)). We previously have found disbarment to be appropriate when attorneys repeatedly neglect client affairs. *See Attorney Grievance Comm'n v. Wallace,* 368 Md. 277, 290, 293, 793 A.2d 535, 543, 545 (2002); *Manning,* 318 Md. at 705, 569 A.2d at 1254; *Attorney Grievance Comm'n v. Montgomery,* 318 Md. 154, 165–66, 567 A.2d 112, 117–18 (1989); *Maryland State Bar Ass'n v. Phoebus,* 276 Md. 353, 365–66, 347 A.2d 556, 562–63 (1975).

*Id.* at 181, 817 A.2d at 209.

Tinsky betrayed the trust that his clients placed in him when they sought his assistance and the public trust with

which he was endowed when he was admitted to the Bar of this Court. He shall be disbarred.

*IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST CRAIG ROBERT TINSKY.*