846 A.2d 422

## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

## Ray I. VELASQUEZ.

Misc. AG No. 14, Sept. Term, 2003.

Court of Appeals of Maryland.

April 9, 2004.

Melvin Hirshman, Bar Counsel, Raymond A. Hein, Asst. Bar Counsel for Atty. Grievance Com'n, for petitioner.

Ray I. Velasquez, Fort Washington, for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland, the petitioner, acting pursuant to Maryland Rule 16–751,[1] approved the filing by Bar Counsel of a Petition For Disciplinary or Remedial Action against Ray I. Velasquez, the respondent. In that petition, Bar Counsel charged him with misconduct, as defined by Maryland Rules 16–701(i),[2] and 16–812, and consisting of violations of various of the Maryland Rules of Professional Conduct, as adopted by the latter Maryland Rule. In particular, the respondent was alleged to have violated Rules

---

1. Maryland Rule 16–751 provides:

   "(a) Commencement of disciplinary or remedial action.—Upon approval of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2. Pursuant to Maryland Rule 16–701(i) " 'Professional misconduct' or 'misconduct' has the meaning set forth in Rule 8.4 of the Maryland Rules of Professional Conduct, as adopted by Rule 16–812. The term includes the knowing failure to respond to a request for information authorized by this Chapter without asserting, in writing, a privilege or other basis for such failure."

1.3, Diligence,[3] 1.4, Communication,[4] 1.5, Fees,[5] 1.5, Safekeeping Property,[6] 1.16, Declining or Terminating Representation,[7]

3. Pursuant to Maryland Rule 1.3, "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

4. Rule 1.4 provides:
"(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

5. Rule 1.5 provides:
"(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent."

6. Rule 1.15 provides, as relevant:
"(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and of other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation."

7. As pertinent, Rule 1.16 provides:
\* \* \* \* \* \*
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law."

5.5, Unauthorized Practice of Law,[8] 8.1, Bar Admission and Disciplinary Matters,[9] and 8.4, Misconduct,[10] of the Maryland Rules of Professional Conduct. We referred the case to the Honorable Sean D. Wallace, of the Circuit Court for Prince George's County, for a hearing pursuant to Rules 16–752(a)[11] and 16–757(c).[12] Following the hearing, the hearing court

----

**8.** Rule 5.5 provides:

"A lawyer shall not:

"(a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or

"(b) assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law."

**9.** Rule 8.1 provides, as relevant:

"An applicant for admission or reinstatement to the bar or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

\*      \*      \*      \*      \*      \*

"(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

**10.** Rule 8.4, as relevant, provides:

"It is professional misconduct for a lawyer to:

"(a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;

"(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

"(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

"(d) engage in conduct that is prejudicial to the administration of justice;"

\*      \*      \*      \*      \*      \*

**11.** Rule 16–752(a) provides:

"(a) Order. Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

**12.** Maryland Rule 16–757(c) provides:

"(c) Findings and conclusions. The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and

found facts and drew conclusions of law as follows. Having been disbarred in 1984, *see Attorney Grievance Comm'n v. Velasquez*, 301 Md. 450, 483 A.2d 354 (1984), the respondent was reinstated in 1997 as a member of the Maryland Bar, after which he established his law practice in Upper Marlboro, Maryland. The respondent is not admitted to practice in Virginia.

In 2000, the respondent accepted a retainer to represent Milton Moreno in connection with his criminal conviction of rape in Virginia. Pursuant to the retainer agreement, executed by Mr. Moreno's sister, the respondent agreed to investigate the charges of which Mr. Moreno had been convicted and request a new trial. Less than a month after the retainer agreement was executed, he visited Mr. Moreno at a Virginia State prison, during which he "offered [Mr. Moreno] legal advice about his case, including advice about grounds for a new trial and/or post-conviction relief." The respondent did not inform Mr. Moreno that he was not admitted to practice in Virginia. He has not visited Mr. Moreno since. Nor has the respondent spoken to him by phone or communicated with him by written correspondence. No motions, petitions or other pleadings were filed in a court on Mr. Moreno's behalf. In short, rather than rendering any meaningful service to Mr. Moreno, the respondent abandoned his representation of Mr. Moreno, without informing him of its termination.

The respondent was paid $ 1500.00 at the time of the execution of the retainer agreement and, subsequently, he received an additional $ 800.00. None of these monies was deposited into an attorney trust or escrow account and, because the only meaningful service rendered Mr. Moreno was the visit to the prison, little if any of the monies were, or ever have been, earned.

---

conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

Complaints were filed by Mr. Moreno with both the Maryland State Bar Association and the Virginia State Bar Association.[13] The Maryland State Bar Association forwarded the complaint filed with it to the petitioner, which, in the course of investigating it, sent several written requests for information to the respondent. The respondent failed to respond timely on two occasions. He did, however, provide some of the requested information, first by letter and subsequently by a document captioned, "Affidavit of Ray Velasquez." Following up on the information in the affidavit, the petitioner made a written request for additional information from the respondent. The respondent did not respond at all to that request.

Based on these findings of fact, the hearing judge concluded that the respondent violated each of the rules charged, except Rule 8.4(a). Rule 1.3 was violated, he said, when, having been "engaged to provide legal services to Milton Moreno, [the respondent] failed to act with reasonable diligence and promptness in carrying out that representation." Because the respondent did not keep Mr. Moreno informed as to the status of the representation or inform him that he was not licensed to practice law in Virginia, Rule 1.4(a) and (b) were violated.

Combining the respondent's lack of a license to practice law in Virginia with his failure to render any meaningful services in connection with the representation he had undertaken and noting the respondent's collection and retention of a fee, the hearing judge found a violation of Rule 1.5(a). Having collected the fee, the respondent's failure to hold it in an escrow

---

13. The Virginia complaint was forwarded to that State's Standing Committee on Unauthorized Practice of Law, which, following an investigation, determined that the respondent had engaged in activity, in Virginia, constituting the practice of law. The respondent was advised of the committee's determination by letter from Virginia's Assistant Ethics Counsel. In that letter, Ethics Counsel offered to refrain from prosecuting the respondent civilly or criminally in exchange for the respondent's acknowledgment of the facts found and agreement to refrain from future unauthorized practice in the State. Although the respondent did not return the proposed letter agreement, prosecution was not pursued due to the running of the one year statute of limitations on unauthorized practice prosecutions.

account separate from his personal funds, until earned, violated, he determined, Rule 1.15(a). The Rule 1.16(d) violation consisted of the respondent's abandonment of his representation of Mr. Moreno, without giving reasonable notice or returning the unearned fee.

> With respect to Rule 5.5(a), the hearing judge concluded: "As determined by the Virginia State Bar's Standing Committee on Unauthorized Practice of Law, and by this court upon its review of the evidence in this matter, the Respondent engaged in activity constituting the practice of law in Virginia, where the Respondent was not authorized to practice. He therefore violated MRPC 5.5(a), which prohibits a lawyer from practicing law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction. The Rules of the Supreme Court of Virginia prohibit any person who is 'not duly licensed or authorized to practice law in the Commonwealth of Virginia' from engaging in the practice of law or in any [manner] holding himself out as authorized or qualified to practice law in the Commonwealth of Virginia. Virginia Rules of Court, Part Six, § I."

The hearing judge added that, because Section 54.1–3904 of the Virginia Code Annotated provides that the unauthorized practice of law is a crime, a class 1 misdemeanor, punishable by both fine and imprisonment, the respondent's unauthorized practice of law in Virginia also constituted the commission of a criminal act reflecting adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of Rule 8.4(b).

■ The respondent's unauthorized practice in Virginia, coupled with the failure to disclose that fact to the client and accepting a fee for representation that he could not perform, were, to the hearing judge, conduct involving dishonesty, fraud, deceit or misrepresentation. That conduct, he was satisfied, violated Rule 8.4(c). Rule 8.1(b) was violated, the hearing judge concluded, when the respondent knowingly failed to respond to the petitioner's lawful demand for infor-

mation. "Taken in its entirety, the Respondent's conduct was prejudicial to the administration of justice and therefore violated MRPC 8.4(d)."

No exceptions were taken to the hearing judge's findings of fact or the conclusions of law with respect to the charged misconduct. Indeed, the respondent did not participate at all in the proceedings. Referencing the respondent's earlier disbarment for commingling his personal and business funds with client funds in his escrow account and converting client funds to his own personal and business use, *see Attorney Grievance Comm'n v. Velasquez*, 301 Md. 450, 483 A.2d 354 (1984), the petitioner recommends the ultimate sanction, disbarment, as the appropriate sanction for the misconduct found in this case. In doing so, the petitioner relies on *Attorney Grievance Comm'n v. Tinsky*, 377 Md. 646, 835 A.2d 542 (2003).

█ The respondent in *Tinsky* was found to have violated MRPC 1.1, 1.3, 1.4, 1.16(d) and 8.4(d) in connection with his representation of a client in two criminal cases then pending in the Circuit Court for Prince George's County, Maryland. *Id.* at 649–652, 835 A.2d at 544–546. The facts underlying those findings consisted of the respondent accepting a fee and entering his appearance in those two cases and then failing to appear at scheduled trials. *Id.* In addition, without notice to the court or to his client, the respondent closed his law office in Upper Marlboro, Maryland. *Id.* In support of its recommendation that the respondent be disbarred, Bar Counsel emphasized the respondent's "complete and unexplained abandonment of his law practice and his failure to return unearned fees." *Id.* at 653, 835 A.2d at 546. Accepting that recommendation, we stated: "Tinsky betrayed the trust that his clients placed in him when they sought his assistance and the public trust with which he was endowed when he was admitted to the Bar of this Court." *Id.* at 655–656, 835 A.2d at 547.

█ As in *Tinsky*, after having undertaken the representation for which he charged, and received a fee, and without informing the client that he was going to do so, the respondent abandoned his representation of Mr. Moreno. Moreover, he

did not return the unearned fee. Thus, the respondent violated the same rules that the respondent in *Tinsky* violated. The respondent in this case, however, violated additional rules. He was found to have engaged in the unauthorized practice of law in Virginia. Because unauthorized practice is a crime in Virginia, as in most States, that conduct doubled as the commission of a crime reflecting on the respondent's fitness to practice and, when it is considered that the respondent failed to disclose his lack of licensure, it constituted conduct involving fraud, deceit or misrepresentation. In the case *sub judice*, both the conduct and the violations are consequently more egregious than in *Tinsky*.

In *Attorney Grievance Comm'n v. Alsafty*, 379 Md. 1, 18, 838 A.2d 1213,1223 (2003), this Court reiterated what it acknowledged in *Attorney Grievance Comm'n v. Barneys*, 370 Md. 566, 592, 805 A.2d 1040, 1055 (2002), that there is a trend in this Court favoring disbarment as the appropriate sanction for the unauthorized practice of law. We pointed out that the Court in *Barneys* identified three reasons distinguishing the cases resulting in disbarment, *see Attorney Grievance Comm'n v. Johnson*, 363 Md. 598, 770 A.2d 130 (2001); *Attorney Grievance Comm'n v. Briscoe*, 357 Md. 554, 745 A.2d 1037 (2000); *Attorney Grievance Comm'n v. Harper*, 356 Md. 53, 737 A.2d 557 (1999); *Attorney Grievance Comm'n v. James*, 355 Md. 465, 735 A.2d 1027 (1999); *Attorney Grievance Comm'n v. Kennedy*, 319 Md. 110, 570 A.2d 1243 (1990), from the one in which disbarment was not the sanction, *see Attorney Grievance Comm'n v. Harris–Smith*, 356 Md. 72, 737 A.2d 567 (1999). In the cases in which disbarment was the sanction, "deterrence" was identified as a significant objective in the sanction decision, *id.* at 588–89, 805 A.2d at 1052–53, there was an absence of a plausible basis for engaging in the conduct in the particular jurisdiction—in *Harris–Smith*, "a federal overlay," *id.* at 589, 805 A.2d at 1053, *i.e.*, a valid admission to the federal bar and, thus, in that case, a right to practice in Maryland, if done consistent with that admission—and there was no attempt to comply with the rules related to

the practice of law in the jurisdiction where the unauthorized practice occurred. *Id.* at 589–90, 805 A.2d at 1053.

The significance of a plausible basis for engaging in the objectionable conduct in the subject jurisdiction is that, like the existence of the federal overlay in *Harris–Smith,* it serves to negate any allegation of a deliberate and willful intent to violate that jurisdiction's unauthorized practice rule. While, to be sure, the unauthorized practice in *Alsafty* and *Barneys* occurred in Maryland and the unauthorized practice in this case occurred in Virginia, the principles governing them are the same.

There is absolutely no basis for the respondent to have believed that he was authorized to practice law in Virginia. Therefore, his decision to accept the representation of Mr. Moreno in Virginia in connection with a Virginia conviction, with the intent of obtaining a new trial in Virginia, was a willful and deliberate violation of the Virginia unauthorized practice law. Moreover, imposing the ultimate sanction in a case of this kind furthers the purpose of attorney disciplinary proceedings. As we have often explained, that purpose is to protect the public and not to punish the erring attorney. *Tinsky,* 377 Md. at 653, 835 A.2d at 546; *Attorney Grievance Comm'n v. Franz, et. al.,* 355 Md. 752, 760–61, 736 A.2d 339, 343–44 (1999) *Attorney Grievance Comm'n of Maryland v. Myers,* 333 Md. 440, 446–47, 635 A.2d 1315, 1318 (1994); *Attorney Grievance Comm'n v. Goldsborough,* 330 Md. 342, 364, 624 A.2d 503, 513 (1993); *Attorney Grievance Comm'n v. Protokowicz,* 329 Md. 252, 262–63, 619 A.2d 100, 105 (1993); *Attorney Grievance Comm'n v. Myers,* 302 Md. 571, 580, 490 A.2d 231, 236 (1985); *Attorney Grievance Comm'n v. Velasquez,* 301 Md. 450, 459, 483 A.2d 354, 359 (1984); *Attorney Grievance Comm'n v. Montgomery,* 296 Md. 113, 119, 460 A.2d 597, 600 (1983). The public interest is served when a sanction designed to effect general and specific deterrence is imposed on an attorney who violates the disciplinary rules. *See Protokowicz,* 329 Md. at 262–63, 619 A.2d at 105; *Attorney Grievance Comm'n v. Owrutsky,* 322 Md. 334, 355, 587 A.2d

511, 521 (1991); *Attorney Grievance Comm'n v. Alison,* 317 Md. 523, 540–41, 565 A.2d 660, 668 (1989).

Accordingly, either for the reason urged by the petitioner, the respondent's abandonment of his client, without refunding the fee, or because, in addition to the abandonment, the respondent engaged in the unauthorized practice of law, committing in the process a criminal act bearing on his fitness to practice, the appropriate sanction is disbarment. This is especially so where, as in this case, the respondent previously has been disbarred.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST RAY I. VELASQUEZ.