30 A.3d 902

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Andre Levell BRADY.**

**Misc. Docket AG No. 10, Sept. Term, 2010.**

Court of Appeals of Maryland.

Oct. 25, 2011.

442

**444**

Dolores O. Ridgell, Assistant Bar Counsel (Glenn M. Grossman, Bar Counsel, Attorney Grievance Commission of Maryland), for Petitioner.

No argument filed on behalf of Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, *MURPHY, ADKINS and BARBERA, JJ.

BARBERA, J.

On March 1, 2010, the Petitioner, Attorney Grievance Commission, acting through Bar Counsel, brought a Petition for Disciplinary or Remedial Action ("Petition") against the Respondent, attorney Andre Levell Brady. The petition concerned Respondent's conduct related to the representation of a client, Sylvia Robinson–Green, in a civil matter. Bar Counsel alleged that Respondent violated the following Maryland Lawyers' Rules of Professional Conduct ("MRPC"): 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.5 (fees), 1.16 (terminating representation), 8.1 (bar admission and disciplinary matters), and 8.4 (professional misconduct).

On March 2, 2010, we assigned the matter to the Honorable Larnzell Martin, Jr., of the Circuit Court for Prince George's County, to conduct hearings and make findings of fact and conclusions of law pursuant to Maryland Rule 16–752(a)[1] and in accordance with Maryland Rule 16–757.[2] Petitioner was

---

* Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. Md. Rule 16–752(a) states in relevant part: "Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record."

2. Md. Rule 16–757 provides:

 **Judicial hearing**

 (a) **Generally.** The hearing of a disciplinary or remedial action is governed by the rules of evidence and procedure applicable to a court trial in a civil action tried in a circuit court. Unless extended by the

unable to achieve personal service upon Respondent. On February 4, 2011, Petitioner served the Client Protection Fund of the Bar of Maryland, pursuant to Maryland Rules 16–753 and 16–811(c)(1)(x).[3] On February 10, 2011, Petitioner filed an Affidavit of Service and Certification of Compliance with Maryland Rule 16–753. Respondent filed no answer. Petitioner filed a Motion for Order of Default and requested that the matter be scheduled for a hearing. The Motion was

---

Court of Appeals, the hearing shall be completed within 120 days after service on the respondent of the order designating a judge. Before the conclusion of the hearing, the judge may permit any complainant to testify, subject to cross-examination, regarding the effect of the alleged misconduct. A respondent attorney may offer, or the judge may inquire regarding, evidence otherwise admissible of any remedial action undertaken relevant to the allegations. Bar Counsel may respond to any evidence of remedial action.

(b) **Burdens of proof.** The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence.

(c) **Findings and conclusions.** The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party.

(d) **Transcript.** The petitioner shall cause a transcript of the hearing to be prepared and included in the record.

(e) **Transmittal of record.** Unless a different time is ordered by the Court of Appeals, the clerk shall transmit the record to the Court of Appeals within 15 days after the statement of findings and conclusions is filed.

3. Md. Rule 16–753 provides, in pertinent part: "If after reasonable efforts the attorney cannot be served personally, service may be made upon the employee designated by the Client Protection Fund of the Bar of Maryland pursuant to Rule 16–811 c 1(x), who shall be deemed the attorney's agent for receipt of service."

Md. Rule 16–811(c)(1)(x) provides: "In addition to the powers granted elsewhere in this Rule, the trustees shall have the following powers and duties: ... To designate an employee to perform the duties set forth in Rules 16–724(a) and 16–753 and notify Bar Counsel of that designation."

granted on March 25, 2011, and a Notice of the Order of Default was sent to Respondent at his last known address.

Judge Martin held a hearing on April 27, 2011, that was then continued for further hearing on May 18. Respondent failed to appear on both dates. At the hearing, the factual allegations in the Petition for Disciplinary or Remedial Action were deemed admitted, pursuant to Maryland Rule 2–323(e).[4] In an Opinion dated May 25, 2011, Judge Martin found by clear and convincing evidence that Respondent violated MRPC 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.5(a) (unreasonable fee), 1.16 (termination of representation), and 8.4(d) (professional misconduct).[5]

## I.

Judge Martin made the following findings of fact and conclusions of law:

### Findings of Fact

The Respondent was admitted to the Bar of the Court of Appeals on December 28, 2004. On or about October 2008, Respondent was de-certified by Order of the Court of Appeals for failing to comply with his Pro–Bono Reporting requirement. On or about April 6, 2009, Respondent was decertified by Order of the Court of Appeals for failing to pay his annual assessment to the Client Protection Fund of the Bar of Maryland.

Respondent is also a member of the Bar of the District of Columbia. On or about April 30, 2009, the Respondent's right to practice law in the District of Columbia was suspended for non-payment of dues.

---

**4.** Maryland Rule 2–323(e) provides, in pertinent part: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted unless denied in the responsive pleading or covered by a general denial."

**5.** Bar Counsel also alleged a violation of MRPC 8.1 in the Petition; however, Petitioner did not ask the court to consider this allegation, and Judge Martin made no finding as to it.

During times relevant to this matter, Respondent maintained an office for the practice of law in Montgomery and/or Prince George's Counties, Maryland.

On or about April 21, 2009, Petitioner received a complaint from Sylvia Robinson–Green, (hereafter "Robinson–Green"). The complaint alleged that Respondent represented the Complainant in a civil matter beginning on or about July 2006, that on or about April 2009 Respondent, without prior notification, failed to appear for a hearing and that Respondent's failure to appear resulted in the dismissal of her case.

Beginning on or about May 1, 2009, and continuing through June 5, 2009, Bar Counsel sent Respondent a series of letters notifying Respondent that Robinson–Green had made a complaint against him and requested that Respondent provide a written response to the allegations contained in Robinson–Green's complaint. Some of these letters were returned by the Postal Service, but others were not returned.

In a letter dated May 1, 2009, Respondent was also informed that it had come to Bar Counsel's attention that he was not currently in good standing due to his de-certification for non-compliance with the Pro Bono Reporting requirements.

Respondent failed to respond to Bar Counsel's letters requesting information concerning the complaint.

On or about June 12, 2009, in an effort to locate the Respondent, Petitioner's investigator, Dennis F. Biennas, contacted the company that leased office space to the Respondent and determined that Respondent no longer maintained an office at that address.

Respondent failed to notify the Client Protection Fund of the Bar of Maryland of the change of his business address within 30 days of the change in accordance with Maryland Rule 16–811(e) 3.

On or about June 9, 2009, Investigator Biennas was unable to locate Respondent at a residential address ob-

tained by Petitioner. He subsequently determined that the residence had been sold three months previously.

Respondent failed to notify the Client Protection Fund of the Bar of Maryland of the change in his residential address within 30 days of the change in accordance with Maryland Rule 16–811(e) 3.

At trial, Robinson–Green testified that in the end of 2005 or the beginning of 2006, she was looking for a lawyer because of problems she had with the purchase of her home. She went online and found Respondent's name. She contacted Respondent and he went over the contract and other paperwork for the transaction.

Robinson–Green and Respondent met to discuss her problems at her home on more than one occasion. They never met at Respondent's office. Respondent agreed to file a lawsuit against two business entities from which Robinson–Green purchased her home. Respondent did not indicate that there would be any limitations on the amount of time he would be able to devote to her case.

On or about July 9, 2007, Respondent provided Robinson–Green a Legal Services Agreement, (hereafter "the Agreement"), providing that Respondent's firm would "bring or defend all claims and/or proceedings [against three or more entities] with respect to the settlement and construction defects at [Robinson–Green's] residence ... and assert or controvert all issues therein."

The Agreement also called for an hourly fee of $220 per hour for member attorneys and lesser amounts for other attorneys and assistants. Only Respondent provided legal services to Robinson–Green.

The Agreement called for an initial deposit of $1,300. Robinson–Green was told to make payments in the amount of $1,300 on the first of each month. Robinson–Green made the initial payment and beginning in August 2007, made $1,300 monthly payments. The first payments were made through a service called PayPal. Subsequent payments were made by personal check. Robinson–Green made the

monthly payments even though she did not receive statements indicating how many hours Respondent spent on the representation.

Robinson–Green provided all information requested by Respondent. She also made all payments of fees requested by Respondent up until the time she tried to contact him to ask about the status of the case and was unable to get in touch with him.

Court records reflect that on June 15, 2007, Respondent filed a civil action on behalf of Robinson–Green and her then husband against Caruso Homes, Inc., and Maryland Homes CY LLC. Respondent subsequently filed an Amended Complaint.

On October 19, 2007, both defendants filed a Motion to Dismiss Amended Complaint, or in the Alternative to Stay Action Pending Arbitration, and for Other Relief. On November 21, 2007, Caruso Homes, Inc., filed a Motion to Dismiss Plaintiff's Second Amended Complaint. Although Respondent filed a Line on December 13, 2007, indicating that the plaintiff's time for filing a responsive pleading was extended by agreement of the parties until December 24, 2007, Respondent did not file a response to either Motion on behalf of Robinson–Green. On November 30, 2007, the Court dismissed with prejudice the plaintiff's Amended Complaint as to Caruso Homes, Inc., and Stayed the proceedings pending arbitration as to Maryland Homes CY, LLC.

Respondent did not tell Robinson–Green about the defense Motion to Dismiss when it was filed in November 2007. She found out about the motion when she attended the Status Conference on March 21, 2008, and had not instructed him not to respond.

On March 21, 2008, Robinson–Green attended a hearing in the Circuit Court for Prince George's County for her case. She had received a notice from the Court and thought she might be needed as a witness that day. Prior to this hearing she had not heard from Respondent for at least a week to ten days. She expected that Respondent would be

there to represent her since Respondent had not informed her otherwise. Court records reflect that a Status Conference was scheduled for March 21, 2008, and that it was continued until May 2, 2008.

Robinson–Green did not hear from Respondent between March 21 and May 2, 2008. She tried to find another attorney to represent her before the May 2, 2008, Status Conference; however, she was not successful.

Robinson–Green has not heard from Respondent since prior to March 21, 2008. He never provided an explanation for not continuing to represent her. It is her opinion that Respondent did not earn the approximately $10,000 which she paid him. He has not refunded any of the fees.

Robinson–Green's complaint was dismissed. Her subsequent efforts to have it reinstated were not successful.

Robinson–Green would not have engaged Respondent to represent her if he had told her that he would be unable to continue to represent her through to the conclusion of the litigation.

### *Conclusions of Law*

In the Petition for Disciplinary or Remedial Action, Petitioner alleged that Respondent violated the following Maryland Lawyers' Rules of Professional Conduct (MRPC): 1.1, dealing with competence, 1.3, dealing with diligence, 1.4, dealing with communications with the client, 1.5(a), dealing with the reasonableness of fees, 1.16, dealing with the termination of representation, and 8.4(d), dealing with conduct prejudicial to the administration of justice. For the reasons set out below, this Court finds, by clear and convincing evidence that Respondent violated each of these rules.

### *A. MRPC 1.1*

MRPC 1.1 provides: *A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.*

In June/July 2007, Respondent was engaged to represent Ms. Robinson–Green in connection with civil litigation. Although Respondent filed both an initial Complaint and a subsequent Amended Complaint, and obtained an extension of time in which to respond to the defendants' Motion to Dismiss, he never filed a response to these Motions. On or about March 21, 2008, without explanation or prior notice to the client, Respondent failed to appear at a Status Conference thereby abandoning his client. The clear and convincing evidence established that, following the commencement of the litigation, Respondent completely failed to act to protect the client's interests. *See, Attorney Grievance Comm'n v. Guida,* 391 Md. 33, 54, 891 A.2d 1085, 1097 (2006) (Even if an attorney possesses the necessary legal knowledge and skill to handle a particular case, the attorney may violate MRPC 1.1 by doing virtually nothing to pursue the case.); *Attorney Grievance Comm'n v. Harris,* 366 Md. 376, 402–403, 784 A.2d 516, 531–32 (2001) (An attorney's failure to appear in court for scheduled proceedings for which he was retained, without an acceptable explanation for the absence, violated MRPC 1.1.).

### B. MRPC 1.3

MRPC 1.3 provides that: *A lawyer shall act with reasonable diligence and promptness in representing a client.*

As demonstrated above, there is clear and convincing evidence that Respondent failed to respond to the defendants' Motions to Dismiss, failed to appear for a status conference on March 21, 2008 and abandoned the representation of Ms. Robinson–Green without notice or explanation.

### C. MRPC 1.4

MRPC 1.4 provides as follows:

*(a) A lawyer shall:*

*(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;*

*(2) keep the client reasonably informed about the status of the matter;*

*(3) promptly comply with reasonable requests for information; and*

*(4) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Maryland Lawyers' Rules of Professional Conduct or other law.*

*(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.*

Respondent violated MRPC 1.4 when he failed to keep Ms. Robinson–Green informed concerning the status of her case, failed to inform her about the pending Motions to Dismiss, failed to respond to Robinson–Green's reasonable requests for information about the case and failed to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. Respondent abandoned the client in the midst of litigation without prior consultation or notice. There is clear and convincing evidence that Respondent violated MRPC 1.4.

### D. MRPC 1.5

MRPC 1.5(a) provides: *A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.*

While Respondent's hourly rate of $220 per hour was reasonable at the time of the engagement, the total fee paid of approximately $10,000 was clearly unreasonable in light of the lack of services provided and Respondent's abandonment of the representation. *See, Attorney Grievance Comm'n v. Guida,* 391 Md. 33, 54, 891 A.2d 1085, 1097 (2006) (When an attorney agreed to represent clients in an adoption case, and they paid him an agreed fee, while that fee was not, on its face, unreasonable for handling such a case, it became unreasonable, under MRPC 1.5(a), because

the attorney did virtually no work after he received the fee.); *Attorney Grievance Comm'n v. Monfried,* 368 Md. 373, 392, 794 A.2d 92, 103 (2002) (A fee for representing a client is unreasonable when the attorney provides little or no services in return for the money paid.).

There is clear and convincing evidence that Respondent violated MRPC 1.5(a).

### E. MRPC 1.16

MRPC 1.16 provides:

*(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:*

*(1) the representation will result in violation of the Maryland Lawyers' Rules of Professional Conduct or other law;*

*(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or*

*(3) the lawyer is discharged.*

*(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:*

*(1) withdrawal can be accomplished without material adverse effect on the interests of the client;*

*(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;*

*(3) the client has used the lawyer's services to perpetrate a crime or fraud;*

*(4) the client insists upon action or inaction that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;*

*(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;*

*(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or*

*(7) other good cause for withdrawal exists.*

*(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.*

*(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.*

Respondent terminated the representation when he abandoned Ms. Robinson–Green in the course of the litigation. He failed to give the client reasonable notice of his intent to cease representing her, did not allow time for her to engage another attorney and failed to take any steps to protect her interests. He also failed to refund any portion of the approximately $10,000 paid to him by Robinson–Green for the representation. There is clear and convincing evidence that Respondent violated MRPC 1.16.

### F. MRPC 8.4(d)

MRPC 8.4(d) provides, in relevant part, that: *It is professional misconduct for a lawyer to: ... engage in conduct that is prejudicial to the administration of justice.* Conduct that reflects negatively on the legal profession and sets a bad example for the public at large is prejudicial to the administration of justice. *Attorney Grievance Commission v. Goff,* 399 Md. 1, 22, 922 A.2d 554, 566 (2007).

Respondent's failure to act to protect Robinson–Green's interests and abandonment of her in the midst of litigation

without notice or explanation after taking approximately $10,000 from Robinson–Green certainly reflects negatively on the legal profession. There is, therefore, clear and convincing evidence that Respondent engaged in conduct prejudicial to the administration of justice. *See, e.g., Attorney Grievance Commission v. Mooney,* 359 Md. 56, 82, 753 A.2d 17, 41 (2000) (holding that failure to represent a client in an adequate manner violated MRPC 8.4(d).); and *Attorney Grievance Commission v. Singleton,* 315 Md. 1, 7–8, 553 A.2d 222, 224 (1989) (A lawyer's neglect and lack of competence constituted conduct prejudicial to the administration of justice.).

(footnotes and internal citations omitted).

Judge Martin found no mitigating factors. Neither Petitioner nor Respondent filed exceptions to Judge Martin's findings of fact and conclusions of law. Petitioner recommends disbarment as the appropriate sanction.

On July 29, 2011, Respondent filed with this Court a Motion to Extend Time to Respond to Petitioner's Recommendation for Sanction.[6] A brief delay was unopposed by Petitioner, and the Motion was granted, extending Respondent's time to respond to Petitioner's Recommendation for Sanction until August 26, 2011. The record does not indicate that Respondent filed any reply to Petitioner's Recommendation for Sanction. Additionally, Respondent failed to appear before this Court for oral arguments on September 8, 2011.

## II.

### A.

■■■■ "This Court has original jurisdiction over attorney discipline proceedings, and is required to conduct an indepen-

---

**6.** We note that, under Respondent's signature on this Motion, he lists an address a few miles northwest of London, England as his mailing address. Respondent also lists an English phone number and fax number as alternative contact points. Respondent's ostensible presence across the Atlantic may explain the trouble Bar Counsel encountered in personally serving him and his failure to contest this matter.

dent review of the record." *Att'y Griev. Comm'n v. Carithers,* 421 Md. 28, 42, 25 A.3d 181, 190 (2011). In the course of this independent review, "the hearing judge's findings of fact generally will be accepted unless they are clearly erroneous." *Id.* at 43, 25 A.3d at 190. Because neither party filed exceptions, we may treat the hearing judge's "findings of fact as established for the purpose of determining appropriate sanctions, if any." Md. Rule 16–759(b)(2)(A). We conduct an independent review of the hearing judge's conclusions of law. Md. Rule 16–759(b)(1).

### B.

Neither party filed exceptions to Judge Martin's findings of fact. Thus, we accept those findings as established for the purpose of determining an appropriate sanction. For the reasons that follow, we also agree with Judge Martin's conclusions of law that Respondent violated Rules 1.1, 1.3, 1.4, 1.5(a), 1.16, and 8.4(d). We consider each of those conclusions in turn.

 Rule 1.1 requires competence in representation of clients. A violation occurs when there is "[e]vidence of a failure to apply the requisite thoroughness and/or preparation in representing a client." *Att'y Griev. Comm'n v. Guida,* 391 Md. 33, 54, 891 A.2d 1085, 1097 (2006). The finding of a violation does not depend upon a showing that the attorney lacked the requisite legal knowledge. *Id.,* 891 A.2d at 1097. Rather, it can be established by evidence that the attorney was not sufficiently thorough or prepared. *Id.,* 891 A.2d at 1097. Respondent began his representation of Robinson–Green in a competent manner: He filed the initial Complaint; he then filed an Amended Complaint; and he sought an extension of time to respond to the defendants' Motions to Dismiss. That said, Respondent's failure to file a reply to the Motions to Dismiss or to appear at the scheduled Status Conference in connection with the matter clearly establishes a violation of Rule 1.1. *See Att'y Griev. Comm'n v. Patterson,* 421 Md. 708, 736, 28 A.3d 1196, 1213 (2011) (holding that the

attorney in that case violated Rule 1.1 when, knowing of a pending Motion to Dismiss, the attorney failed to file any motion to prevent dismissal, causing his client's case to be subsequently dismissed).

■ Rule 1.3 requires diligence and promptness in the representation of a client. Respondent failed to file a response to the Motions to Dismiss his client's complaint. He also failed to appear for a scheduled Status Conference. These actions show, by clear and convincing evidence, that Respondent neglected entirely to represent Robinson–Green as of March 21, 2008. Such neglect constitutes a *prima facie* violation of Rule 1.3. *Att'y Griev. Comm'n v. Gisriel,* 409 Md. 331, 371, 974 A.2d 331, 354 (2009) (finding an attorney's failure to respond to motions to dismiss and attend a court hearing constituted unjustifiable inattentiveness to the client's interests and was a violation of Rule 1.3); *see Patterson,* 421 Md. at 736, 28 A.3d at 1213 (finding a violation of Rule 1.3 based on evidence that the attorney failed to pursue his client's claim by neglecting to undertake research or collect documents in support of the complaint).

■ Rule 1.4 requires prompt communication with clients. Respondent failed to keep Robinson–Green informed of the status of her case despite Robinson–Green's repeated attempts to reach him. Additionally, Respondent never informed Robinson–Green that the defendants in her case had filed Motions to Dismiss, or that a Status Conference had been scheduled. Rather, Robinson–Green learned about the Status Conference upon receipt of the court's notices. She attended the Status Conference, and she expected that Respondent would be present, too. Respondent did not appear. Respondent's failure to inform the client of these important motions and a scheduled court matter reflects a blatant failure to communicate promptly with the client, a clear violation of Rule 1.4. *Att'y Griev. Comm'n v. Fox,* 417 Md. 504, 532, 11 A.3d 762, 778 (2010) (finding a violation of Rule 1.4 when an attorney did not keep clients reasonably informed and ignored

clients' requests for information about the progress of their cases).

██ Rule 1.5(a) requires reasonableness in the charging and collection of fees. Respondent violated this rule by collecting a fee disproportionate to services rendered and continuing to collect fees after he had abandoned the representation of Robinson–Green. Respondent's hourly rate of $220 was not unreasonable on its face at the outset of Respondent's representation of Robinson–Green. Yet, Respondent ultimately collected $10,000 in fees without providing commensurate services. Respondent's neglect in and abandonment of his representation of Robinson–Green provide clear and convincing evidence that the $10,000 in attorney's fees he received from Robinson–Green was wholly disproportionate, and unreasonable, in relation to the services he provided, constituting a violation of Rule 1.5(a). *Patterson*, 421 Md. at 731–32, 28 A.3d at 1210 (explaining that an otherwise-reasonable fee may become excessive, under Rule 1.5(a), when an attorney wholly fails to provide diligent or competent representation for a matter); *Guida*, 391 Md. at 52–53, 891 A.2d at 1096–97 (concluding that a fee can be initially reasonable, yet become unreasonable once the fee is collected but the attorney performs little to no work for the client).

██ Rule 1.16 requires an attorney to provide adequate notice and care when terminating the representation of a client. Respondent abandoned Robinson–Green's case by neglecting to respond to the defendants' Motions to Dismiss, failing to appear at a scheduled court date, failing to inform Robinson–Green that he intended to end his representation, and failing to refund any unearned portion of the $10,000 fee Robinson–Green paid him. This obvious failure to protect the client's interests is clear and convincing evidence of a violation of Rule 1.16. *Patterson*, 421 Md. at 734–35, 28 A.3d at 1212 (finding that an attorney's failure to refund attorney's fees after providing no meaningful services and being subsequently terminated constituted a violation of Rule 1.16); *Fox*, 417 Md. at 532–33, 11 A.3d at 778 (abandonment of a client matter

without notice disregarded client's interests in pursuing the matter with a new attorney and was a violation of Rule 1.16).

Rule 8.4(d) prohibits an attorney from "engag[ing] in conduct that is prejudicial to the administration of justice." After Respondent abandoned his representation of Robinson–Green, she was unable to reinstate her claims. Therefore, Respondent's conduct severely obstructed the administration of justice. *See Att'y Griev. Comm'n v. Thaxton*, 415 Md. 341, 356, 1 A.3d 470, 479 (2010) (attorney's failure to appear at two hearings, which resulted in the dismissal of his client's case, was conduct prejudicial to the administration of justice in violation of Rule 8.4(d)). We have said that "conduct prejudicial to the administration of justice" is that which "reflects negatively on the legal profession and sets a bad example for the public at large[.]" *Att'y Griev. Comm'n v. De La Paz*, 418 Md. 534, 556, 16 A.3d 181, 194 (2011) (quoting *Att'y Griev. Comm'n v. Goff*, 399 Md. 1, 22, 922 A.2d 554, 566 (2007)) (internal quotation marks omitted). Respondent abandoned representation of a client during the course of litigation without notice. He accepted a fee of $10,000 without rendering appropriate services. These actions reflect negatively on the legal profession.

In sum, based on our independent review of the record, we conclude that Respondent violated MRPC 1.1, 1.3, 1.4, 1.5(a), 1.16, and 8.4(d).

## III.

Petitioner recommends disbarment as the sanction for Respondent's violations of the MRPC. Petitioner argues that disbarment is appropriate because Respondent's violations "constituted a betrayal of the trust placed in him by his client." For the reasons that follow, we agree.

"It is well-settled that the purpose of disciplinary proceedings is to protect the public rather than to punish the erring attorney." *Att'y Griev. Comm'n v. Wallace*, 368 Md. 277, 289, 793 A.2d 535, 542 (2002) (quoting *Att'y Griev.*

*Comm'n v. Franz*, 355 Md. 752, 760–61, 736 A.2d 339, 343–44 (1999) (internal quotation mark and citations omitted)). This goal is generally accomplished "through deterrence of 'the type of conduct which will not be tolerated' and by removing those unfit to continue in the practice of law from the rolls of those authorized to practice in this State." *Att'y Griev. Comm'n v. Gore*, 380 Md. 455, 471–72, 845 A.2d 1204, 1213 (2004) (quoting *Att'y Griev. Comm'n v. Post*, 379 Md. 60, 70, 839 A.2d 718, 724 (2003)) (internal citation omitted).

In *Attorney Grievance Commission v. Tinsky*, 377 Md. 646, 655–56, 835 A.2d 542, 547 (2003), this Court held that disbarment was the appropriate sanction for an attorney who violated Rules 1.1, 1.3, 1.4, 1.16(d) and 8.4(d). Like Respondent in the matter *sub judice*, Tinsky's conduct resulted in his client's case being dismissed. *Id.* at 650, 835 A.2d at 544. Tinsky further neglected to respond to his client's attempts to contact him, failed to keep the client informed as to the status of the case, and failed to refund any unearned portion of the fee previously collected. *Id.*, 835 A.2d at 544. This conduct amounted to effective abandonment of the client, and was sufficient to justify disbarment as the appropriate sanction, regardless of Tinsky's lack of any previous disciplinary history. *Id.* at 654–55, 835 A.2d at 547. We have reached the same conclusion in other comparable matters. *See, e.g., Wallace*, 368 Md. at 293, 793 A.2d at 545 (holding that disbarment was the appropriate sanction for an attorney despite the fact that "the case at bar does not indicate that respondent has received any previous reprimands or sanctions from this Court").

Accordingly, we order disbarment.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST ANDRE LEVELL BRADY.**