*In Re the Application of Solon Phillips for Admission to the Bar of Maryland*, Misc. No. 17, September Term, 2017.  Opinion by Getty, J.

**DENIAL OF BAR ADMISSION — DUTY OF FULL DISCLOSURE — CANDOR AND TRUTHFULNESS —** The applicant, Mr. Solon Phillips, failed to promptly disclose to the Character Committee and the State Board of Law Examiners information pertaining to his unauthorized practice of law, leading to his father's, Mr. Dalton Phillips', disbarment.  Specifically, Mr. Solon Phillips chose not to immediately file a supplement to his Maryland Bar application and instead decided to disclose this information during his interview with the Character Committee and at a hearing before the State Board of Law Examiners.  Moreover, Mr. Solon Phillips failed to promptly file a supplement to his application to indicate his application to the Bar of Florida.  Again, Mr. Solon Phillips chose to wait to disclose this information during the interview with the Character Committee and the hearing before the State Board of Law Examiners.  These conscious decisions on the part of Mr. Solon Phillips reflect a pattern of failing to meet the standard of absolute candor.  This pattern of selective candor, along with the underlying concern of Mr. Solon Phillips' prior unauthorized practice of law, warrants denying his application for admission to the Bar of Maryland.

Argued: November 6, 2017

IN THE COURT OF APPEALS
OF MARYLAND

Misc. No. 17

September Term, 2017

_____

IN RE: THE APPLICATION OF SOLON
PHILLIPS FOR ADMISSION TO THE BAR
OF MARYLAND

_____

Barbera, C.J.
Greene,
Adkins,
McDonald,
Watts,
Hotten,
Getty,

JJ.

_____

Opinion by Getty, J.

_____

Filed:

In this case, we are asked to consider whether to grant the application for admission to the Bar of Maryland of Solon Phillips ("Mr. Phillips"). The Character Committee for the Fourth Appellate Circuit of Maryland ("the Committee") returned a favorable recommendation without addressing the findings by this Court regarding Mr. Phillips' unauthorized practice of law in an attorney grievance proceeding. The findings by this Court in the attorney grievance action, in addition to other concerns, led the State Board of Law Examiners ("the Board") to recommend that Mr. Phillips be denied admission to the Bar of Maryland. For the reasons below, we agree with the Board that Mr. Phillips has not demonstrated that he currently possesses good moral character and fitness for the practice of law as required by Md. Rule 19-203. As such, we deny Mr. Phillips' admission to the Bar of Maryland.

## BACKGROUND

Mr. Phillips originally filed an application with the Board for admission to the Bar of Maryland on January 10, 2008. Mr. Phillips was ultimately successful on the bar examination held in February 2011. During the time between his application and his success on the bar examination, Mr. Phillips filed nine updates to his application and attended a hearing with the Committee in January 2012. The Committee agreed to hold the record open for Mr. Phillips to supplement his application until July 17, 2015. The Committee issued a Report and Recommendation on November 4, 2015, recommending that Mr. Phillips' first application for admission to the Bar of Maryland be denied. Mr. Phillips obtained counsel in preparation for the hearing before the Board, which counsel

for Mr. Phillips was able to postpone. Ultimately, Mr. Phillips withdrew his application to the Bar of Maryland on July 1, 2016, prior to the Board hearing.

On August 24, 2016, Mr. Phillips submitted a second application with the Board for admission to the Bar of Maryland. Attached to the second application was a document titled "Supplement: Proof of Good Moral Character," in which Mr. Phillips attempted to persuade the Board that he is of good moral character and fit for the practice of law. Specifically, the supplement discussed his financial responsibility, moral character, his voluntary choice to take classes on professional responsibility, and his voluntary choice to take the Multistate Professional Responsibility Examination ("MPRE"), which is not a requirement of the Maryland Bar. In the supplement, Mr. Phillips requested to be admitted to the Maryland Bar because of his character, responsibility, and candor.

While Mr. Phillips' second application for admission to the Maryland Bar was pending, this Court issued its opinion in *Attorney Grievance Comm'n of Maryland v. Phillips*, in which we ultimately disbarred Dalton Phillips ("Mr. Dalton Phillips"), Mr. Phillips' father, as a result of Attorney Grievance Commission's Petition for Disciplinary or Remedial Action. 451 Md. 653 (2017). This Court concluded that Mr. Dalton Phillips violated several Rules of Professional Conduct when he assisted Mr. Phillips, his son, in the unauthorized practice of law. Specifically, this Court found that Mr. Phillips graduated from law school in 2008, but did not seek admission to the Bar of Maryland until 2011. In August 2009, Mr. Phillips discussed forming a law firm with Mr. Dalton Phillips. In pursuit of that goal, Mr. Phillips filed Articles of Organization with the Maryland Department of Assessments and Taxation on behalf of the law firm Phillips, Phillips and

2

Dow, LLC. The law firm was to include Mr. Phillips, Anthony Dow, a friend of Mr. Phillips from high school, and Mr. Dalton Phillips. This Court could not discern from the record whether Anthony Dow was aware that his name was listed as a member in the law firm. In establishing the law firm, Mr. Phillips "created a law firm insignia; hired an answering service for the firm; reserved a domain name; and created and ordered letterhead that included the firm name, Solon Phillips's home address, the phone number associated with the answering service, and the firm website. He also ordered business cards for himself using the firm insignia and the suffix 'Esq.'." *Attorney Grievance Comm'n v. Phillips*, 451 Md. at 661.

After establishing a law firm before being admitted to the Maryland Bar, Mr. Phillips later met Crystal Meehan on an internet support group. Crystal Meehan told Mr. Phillips about "unwanted communications that [she] had been receiving from her ex-husband's current wife, Abigail Meehan," who lived in Indiana. *Id.* at 661. Mr. Phillips drafted a cease and desist letter, ordering Abigail Meehan to discontinue all communications with Crystal Meehan as those communications constituted harassment. The letter also threatened Abigail Meehan with legal action. Mr. Phillips then "corresponded over e-mail with Crystal Meehan, provided her with a draft of the letter signed 'Solon Phillips JD/MBA,' and received her approval of the letter. He then printed the letter on Phillips, Phillips and Dow, LLC letterhead. The content of the final letter was altered in only one regard—Solon Phillips signed [Mr. Dalton Phillips'] name to the letter, not his own." *Id.* After receiving the cease and desist letter, Abigail Meehan attempted to contact the firm and ultimately corresponded with Mr. Dalton Phillips. In an email to

3

Abigail Meehan, Mr. Dalton Phillips stated that the "letter was issued without [his] knowledge," and acknowledged "that Ms. Crystal Meehan is a client of [Phillips, Phillips, and Dow, LLC]." *Id.* at 662.

In June 2014, Abigail Meehan filed a complaint with the Maryland Attorney Grievance Commission, alleging that the law firm and the attorneys should not be sending her letters. In response to the complaint, the Attorney Grievance Commission began investigating Mr. Dalton Phillips, the law firm, and Mr. Phillips. After the investigation, the Attorney Grievance Commission filed a Petition for Disciplinary or Remedial Action against Mr. Dalton Phillips. This Court concluded that "[Mr.] Phillips was engaged in the unauthorized practice of law. [Mr. Dalton Phillips] had actual knowledge of the unauthorized practice of law at the time Abigail Meehan emailed him a copy of the cease and desist letter. In his email to Abigail Meehan on May 29, 2014, [Mr. Dalton Phillips] ratified [Mr.] Phillips' unauthorized practice." *Id.* at 673.

After reviewing the second application, the Committee issued a second Report and Recommendation on June 2, 2017, recommending that Mr. Phillips be admitted to the Bar of Maryland. However, the Committee did not fully consider this Court's opinion in *Attorney Grievance Comm'n v. Phillips*. The second application for admission to the Maryland Bar was then submitted to the Board. After reviewing the Committee Report and Recommendation, the Board concluded that there may be grounds for denying Mr. Phillips' application. As such, the Board held a four-member panel hearing on July 21,

2017,[1] for which Mr. Phillips appeared represented by counsel, Paul Mark Sandler ("Mr. Sandler"). Pursuant to Md. Rule 19-203(b), the Board offered Mr. Phillips an opportunity to withdraw his application before the Board submitted a Report, recommending the denial of Mr. Phillips' application, to this Court. Mr. Phillips declined to withdraw his application.

On October 10, 2017, the Board filed its Report and Recommendation, concluding that Mr. Phillips did not meet his burden in proving that he possesses the character and fitness for admission to the Bar of Maryland. In the Report and Recommendation, the Board considered the factual findings and conclusions in *Attorney Grievance Comm'n v. Phillips*. Specifically, the Board found that Mr. Phillips admitted to drafting and sending the cease and desist letter to Abigail Meehan, thereby also admitting that he was practicing law without authorization. Moreover, the Board found that Mr. Phillips failed to disclose to the Board in any of the updates or supplements to his original application for admission that the Attorney Grievance Commission was investigating Mr. Dalton Phillips as a result of his unauthorized practice of law. The Board reported that Mr. Phillips never informed the Board about the Attorney Grievance Commission investigation before Mr. Phillips withdrew his original application on July 1, 2016.

As part of Mr. Phillips failure to disclose this information, the Board noted further that the document attached to the second application, "Supplement: Proof of Good Moral

---

[1] The transcript of the hearing before the Board is dated as July 21, 2017. However, the Board states in its Report and Recommendation that the hearing before the Board occurred on August 3, 2017. Nothing in the record explains this discrepancy.

Character," included a passage reading, "I had no idea that my acts as it pertains to my father's hearing constituted the unauthorized practice of law." Yet, in the Board hearing, Mr. Phillips testified that he knew it was wrong at the time. In addition to Mr. Phillips' omissions regarding the Attorney Grievance Commission matter, the Board also reported that Mr. Phillips applied for the Florida Bar in May 2017. Mr. Phillips failed to notify the Committee during his initial character interview of this application. Moreover, Mr. Phillips did not update his Maryland Bar application answers to reflect his application to the Bar of Florida.

Ultimately, all of the Board members recommended that this Court deny Mr. Phillips' admission to the Maryland Bar. Specifically, the Board was convinced that Mr. Phillips did not meet his burden of proof in demonstrating that he is of good moral character and fit for the practice of law for the following reasons:

> [Mr. Phillips] has not been candid in this process. Partial or selective recitation of the facts is not acceptable. Full supplementation is required. [Mr. Phillips] has not taken seriously the need for disclosure regarding the questions in the bar application. In addition to his not disclosing the facts regarding his father's disbarment, he continued his non-disclosure by failing to supplement the fact that he applied to another Bar. [Mr. Phillips] has failed to recognize the seriousness of the conduct that got his father disbarred or to understand the disclosure requirements of the Bar admission process. He concedes that he lacked good judgment in his attempt to assist a friend by implicating himself in the unauthorized practice of law
>
> For the reasons stated above, after consideration of all the facts and evidence, the Board unanimously finds [Mr. Phillips] has not met his burden to demonstrate that he possesses the character and fitness for admission to the Maryland Bar.

6

Upon receiving the Report and Recommendation from the Board, this Court issued an Order on October 19, 2017, denying Mr. Phillips admission to the Bar of Maryland.[2] This Court subsequently entered a second Order on October 25, 2017, granting Mr. Phillips a hearing to show cause why this Court should reject the Board's recommendation. *See* Md. Rule 19-203(c) ("If the Court, after reviewing the report of the Character Committee and any report of the Board, believes there may be grounds to deny admission, the Court shall order the applicant to appear for a hearing and show cause why the application should not be denied."). Pursuant to the second Order, Mr. Phillips appeared before this Court on Monday, November 6, 2017, and urged this Court to accept the Committee's recommendation and reject the Board's recommendation.

On December 11, 2017, the Board submitted an addendum to its Report and Recommendation to this Court. The addendum indicated that the Board received information suggesting that Mr. Phillips again lacked candor regarding his status as a licensed attorney in Maryland. Specifically, the addendum attached email correspondence from A. Valerie Mirko, Esquire ("Ms. Mirko"), a member of good standing in the bars of New York and the District of Columbia. The addendum

---

[2] This Court's Order issued on October 19, 2017, was a premature denial of Mr. Phillips' application for admission to the Maryland Bar. Pursuant to Md. Rule 19-203(c)(1), this Court should have initially determined whether there may be grounds to deny admission. Upon deciding that grounds to deny Mr. Phillips' admission do exist, this Court should have issued an Order requiring Mr. Phillips to appear for a hearing to show cause why the application should not be denied.

further indicated that Ms. Mirko is currently employed for the General Counsel for the North American Securities Administrators Association ("NASAA"). Ms. Mirko sent the email correspondence to the Attorney Grievance Commission, explaining that she received a resume from Mr. Phillips in response to a job opening with the NASAA, which required applicants to be admitted to a state bar. Mr. Phillips' resume included the statement "Maryland Bar Admission[.]" After reviewing Mr. Phillips' resume, NASAA initially invited Mr. Phillips for an interview to be held on November 30, 2017. However, Ms. Mirko was unable to find Mr. Phillips in the Maryland attorney directory as of November 30, 2017. At the interview, Ms. Mirko specifically asked Mr. Phillips why his name does not appear on the directory, to which Mr. Phillips responded that he was not yet barred in Maryland but would be admitted in December 2017. Ms. Mirko included this information in an email to the Attorney Grievance Commission as well as in an affidavit. In the addendum, the Board determined that this new information is evidence that Mr. Phillips continues to display a lack of candor and does not recognize the enormity of his prior unauthorized practice of law.

On December 12, 2017, Mr. Phillips submitted a "Motion to Supplement Record and Accept Explanation for Resume Sent to NASAA and to Grant Acceptance Into Maryland Bar" to this Court. In the motion, Mr. Phillips stated that he believed the position with NASAA required only a *juris doctor* degree ("J.D.") as opposed to a bar membership due to the description of the position on the website, Indeed.com. Moreover, Mr. Phillips asserted that he initially applied to the position

8

with his proper resume, which is saved on Indeed.com. When NASAA asked Mr. Phillips to submit an additional copy of his resume by email, Mr. Phillips maintained that he accidentally sent a version of his "vision" resume, which indicated that he has a "Maryland Bar Admission[.]" Both his "vision" resume and his standard resume use solonesq@gmail.com as the email address to contact Mr. Phillips and represent that his work history includes approximately seven years as a "Junior Associate" at the law firm, Arnold & Porter, LLP. Mr. Phillips also asserted that during the November 30th interview, Mr. Phillips told Ms. Mirko that he was not admitted to a state bar, but "was hoping to be barred soon, as early as December perhaps[.]" Mr. Phillips indicated that sometime "[l]ater" he called the human resources director, Ms. Irene Maldonado ("Ms. Maldonado") with NASAA to discuss "the miscommunication." Moreover, Mr. Phillips indicated that he emailed Ms. Maldonado a copy of his Indeed.com resume, apologizing for the confusion. Mr. Phillips attached a copy of the email sent to Ms. Maldonado on December 11, 2017 at 1:49 p.m. by Mr. Phillips using the email, "solonesq@gmail.com[.]" Overall, Mr. Phillips argued in his motion that his mistake in sending a resume that indicated he was barred by the State of Maryland does not constitute a knowing misrepresentation; therefore, Mr. Phillips requested this Court to "not hold this mistake against him[.]" Specifically, Mr. Phillips concluded by noting that he was "respectfully shar[ing] this information with the Court[.]"

## STANDARD OF REVIEW

The issue presented is whether Mr. Phillips has met his burden of proving that he possesses "good moral character and fitness for the practice of law." Md. Rule 19-203(d); *see also In re Application of Brown*, 392 Md. 44, 54 (2006). "Good moral character is denoted by 'those qualities of truth-speaking, of a high sense of honor, of granite discretion, of the strictest observance of fiduciary responsibility.'" *In re Application of Strzempek*, 407 Md. 102, 112 (2008) (citations omitted). "Thus, the 'ultimate test of present moral character, applicable to original admissions to the Bar, is whether, viewing the applicant's character in the period subsequent to his misconduct, he has so convincingly rehabilitated himself that it is proper that he become a member of a profession which must stand free from all suspicion.'" *In re Application of Stern*, 403 Md. 615, 629 (2008) (citations omitted). "The Board's conclusions that an applicant does not possess the requisite moral character, and recommendation against admission to the Bar, are entitled to great weight. This Court, however, is charged with the responsibility to conduct an independent evaluation of the applicant's moral character based upon testimony and evidence submitted before the Committee and the Board." *In re Application of T.Z.-A.O.*, 441 Md. 65, 73 (2014) (citations omitted).

## DISCUSSION

Mr. Phillips contends that the Board relied on incorrect information in recommending that he did not meet his burden in demonstrating that he possesses the moral character and fitness necessary for admission to the Bar of Maryland. Specifically, Mr. Phillips asserts that he discussed his unauthorized practice of law leading to the Attorney

Grievance Commission's investigation of Mr. Dalton Phillips during the character interview with one of the Committee members. Moreover, Mr. Phillips urges this Court to read the transcript of the Board hearing as an indication that he also disclosed the unauthorized practice of law and the application to the Florida Bar during the Board hearing. Overall, Mr. Phillips suggests that one instance of bad conduct does not reflect bad moral character; instead, he insists that he knows the difference between right and wrong and continually acts to conform with what is right.

Md. Rule 19-203(d) mandates that the "applicant bears the burden of proving . . . the applicant's good moral character and fitness for the practice of law. *Failure or refusal to answer fully and candidly any question in the application* or any relevant question asked by a member of the Character Committee, the Board, or the Court *is sufficient cause for a finding that the applicant has not met this burden*." (Emphasis added). "From a profession charged with such responsibilities there must be exacted those qualities of truth-speaking, of a high sense of honor, of granite discretion, of the strictest observance of fiduciary responsibility, that have, throughout the centuries, been compendiously described as 'moral character.'" *In re Application of Hyland*, 339 Md. 521, 534 (1995). In our jurisprudence relating to admission to the Maryland Bar, this Court has made clear that "it is a given that good moral character includes truthfulness and candor, and *absolute candor is a requisite of admission to the Maryland Bar*." *Application of Strzempek*, 407 Md. at 114. Moreover, we have repeatedly recognized that "no moral character qualification for Bar membership is more important than truthfulness and candor." *Application of Hyland*, 339 Md. at 535 (1995) (quoting *In Re Application of Allan S.*, 282 Md. 683, 689– 90).

11

In the case *Application of Strzempek*, this Court considered whether to admit an applicant who filed an application to the Bar of Maryland on December 19, 2005, but failed to submit a supplement to the Board with information regarding his arrest on February 10, 2006, and subsequent convictions on April 12, 2006, in the State of Virginia. 407 Md. at 104. The applicant, Gregory John Strzempek ("Mr. Strzempek), was convicted of driving while intoxicated, reckless driving, unsafe lane changing, and eluding a police officer. *Id.* Mr. Strzempek, "eventually disclosed his convictions and sentence to the Board, albeit nine months later, only after being advised that he had passed the Bar Exam." *Id.* This Court stressed Mr. Strzempek's failure to disclose the relevant information "promptly upon the occurrence of each event" to the Committee and Board. *Id.* at 114. In addition to failing to promptly disclose his arrest and conviction, Mr. Strzempek also failed to disclose this same information during his character interview with a Committee member. *Id.* Ultimately, we denied Mr. Strzempek's application for admission to the Bar of Maryland, "emphasiz[ing] that disclosure on the Bar application and immediate and full supplementation after an incident warranting exposition is mandatory, not voluntary. It is not the choice of a candidate for admission whether to disclose and under what conditions." *Id.* at 113.

Here, we conclude that Mr. Phillips' choices mirror those of Mr. Strzempek's in failing to immediately supplement his application with information pertaining to both his application to the Bar of Florida and the Attorney Grievance Commission's investigation of his father based on Mr. Phillips' unauthorized practice of law. Instead, Mr. Phillips chose to disclose these pieces of information when he was confronted by the Committee

12

member during the interview and the Board during the July 17th hearing. *See id.* Mr. Phillips acknowledged during the hearing before this Court that he was not aware of this Court's opinion in *Attorney Grievance Comm'n v. Phillips* until the Committee member asked him about the underlying facts of the case. Moreover, when the Board asked why he did not supplement his answer to Question 18 of the Maryland Bar application, asking whether there have been any unfavorable incidents in the his life that may have a bearing on his fitness to practice law, Mr. Phillips contended that he did attach a report to his August 24, 2016, Maryland Bar application.

There are two issues with Mr. Phillips' response. First, the Attorney Grievance Commission began investigating Mr. Dalton Phillips based on the letter sent by Mr. Phillips in his father's name in 2014. Instead of immediately supplementing his original application to the Maryland Bar, Mr. Phillips waited until after the reported opinion by this Court to attach a supplement to his second Maryland Bar application addressing his unauthorized practice of law. Secondly, this attachment, titled "Supplement: Proof of Good Moral Character," includes two brief sentences regarding the Attorney Grievance Commission matter, one of which reads: "More recently, at a disciplinary hearing for my father, Dalton Phillips, I was found to have *assisted him in the unauthorized practice of law*[.]" (Emphasis added.) Mr. Phillips' representations in the supplement suggest that Mr. Phillips was unwilling to fully acknowledge the reprehensible nature of his actions in sending a letter to an individual on the letterhead of a non-existent law firm in an attorney's name without the attorney's knowledge or consent. Therefore, this supplement fails to fully

13

address Question 18 and fails to show this Court that Mr. Phillips understands the gravity of his past actions.

In addition to the lack of candor Mr. Phillips showed in relation to his unauthorized practice of law, Mr. Phillips also admitted during the Board hearing that he did not supplement in writing his answer to Question 17B on his application to the Maryland Bar, which asks whether an applicant has ever applied for admission to the Bar of another jurisdiction. Specifically, in response to a question from the Board about the timing of his application to the Florida Bar, Mr. Phillips indicated that he applied to the Bar of Florida in May 2017. When the Board further inquired whether he supplemented his Maryland Bar application to reflect his application to the Florida Bar, Mr. Phillips answered that he did not supplement his application to the Maryland Bar because he was unaware there was a question pertaining to additional bar applications. In selectively choosing when and how to reveal information asked on the Maryland Bar application, Mr. Phillips committed the same errors as Mr. Strzempek. Just as this Court opined in *Application of Strzempek*, we conclude that Mr. Phillips' actions do not satisfy the requirements of mandatory and full disclosure. 407 Md. at 113.

Although Mr. Phillips asks this Court to appreciate that one mistake is not indicative of moral character, this case presents us with more than one instance of Mr. Phillips choosing to act in contravention of the requirement of absolute candor. *See Application of Strzempek*, 407 Md. at 114. Specifically, Mr. Phillips urges this Court to accept that he ultimately did disclose all of the relevant information to the Committee and the Board; however, we have previously indicated that even when an applicant sees their actions "as

a choice, we see it as a reflection of his lack of candor[.]" *Id.* at 115. Therefore, this Court finds sufficient cause that Mr. Phillips has not met his burden of showing his good moral character and fitness for the practice of law due to his continuous "failure [and] refusal to answer fully and candidly any question in the application[.]" *See* Md. Rule 19-203(d) ("Failure or refusal to answer fully and candidly any question in the application or any relevant question asked by a member of the Character Committee, the Board, or the Court is sufficient cause for a finding that the applicant has not met this burden."). Therefore, this Court is persuaded that Mr. Phillips' has demonstrated a disturbing pattern of selective candor, which "impinges upon his character and fitness to practice law[.]" *Application of Strzempek*, 407 Md. at 114.

Even more disturbing than Mr. Phillips' failure to promptly and fully supplement his Maryland Bar application is the fact that Mr. Phillips continued to display a lack of candor regarding his admission to the Bar of Maryland as recently as November 30, 2017. This Court is extremely disturbed by the facts contained in the Board's addendum to its Report and Recommendation. Specifically, this Court finds inexcusable that Mr. Phillips misrepresented his status as a licensed Maryland attorney on a resume that he submitted in support of a job application. Worse still is the fact that Mr. Phillips answered a question during an interview with a potential employer that he was not licensed in Maryland, but would be admitted to the Maryland Bar in December 2017.

Although Mr. Phillips submitted a motion, asserting that he mistakenly sent a copy of a resume indicating that he was admitted to the Maryland Bar, this Court is persuaded that this motion is simply another instance of Mr. Phillips' lack of candor. First, Mr.

15

Phillips attached to his motion two versions of his resume; however, both resumes list his email address as "solon**esq**@gmail.com,"[3] and work history as a "Junior Associate" at Arnold & Porter, LLP, for seven years. (Emphasis added.) Both of these examples support the contention that Mr. Phillips continues to misrepresent his status as a barred attorney. Moreover, Mr. Phillips did not disclose this information to this Court until after the Board submitted an addendum to its Report and Recommendation on December 11, 2017, summarizing these concerning events. In fact, Mr. Phillips did not email Ms. Maldonado or submit a motion until December 11th and December 12th, 2017, respectively. Therefore, Mr. Phillips again chose to wait until after he was confronted with his misrepresentations to disclose information relevant to the Maryland Bar application. In so doing, Mr. Phillips again failed to adhere to the requirement of "immediate and full supplementation after an incident warranting exposition[.]" *Application of Strzempek*, 407 Md. at 113. In sum, this Court finds that the blatant misrepresentations to a potential employer about his status as a barred Maryland attorney demonstrate that Mr. Phillips continues to display a lack of candor.

In concluding that Mr. Phillips has not met his burden in showing his good moral character and fitness to practice law in Maryland, this Court is mostly concerned with Mr.

---

[3] This Court acknowledges that one possible interpretation of the email address, "solonesq@gmail.com," is a reference to Solon, the Athenian statesman, lawmaker, and poet, who is accredited with moral and legal reform in Ancient Greece. However, this Court is persuaded that the email address, instead, is intended to refer to Mr. Solon Phillips. Specifically, this Court finds that the email address was intended to imply that Mr. Phillips is an esquire, a courtesy title used for practicing attorneys.

Phillips' pattern of lack of candor. However, we are also cognizant of the extreme nature of Mr. Phillips' actions characterized by this Court as the "unauthorized practice of law" in *Attorney Grievance Comm'n v. Phillips*. 451 Md. at 673. Indeed, a person who engages in the unauthorized practice of law can be found guilty of a misdemeanor and "upon conviction is subject to incarceration, a fine or both." *Attorney Grievance Comm'n of Maryland v. Shryock*, 408 Md. 105, 121 (2009) (citing Md. Code Ann., Bus. Occ. & Prof. § 10-601). The act of unauthorized practice of law is also a violation of the Maryland Attorneys' Rules of Professional Conduct. Md. Rule 19-308.4. Moreover, Maryland courts have stressed that engaging in the unauthorized practice of law reflects on "the actor's unfitness to practice law[.]" *Id.* at 123; *see also Attorney Grievance Comm'n of Maryland v. Velasquez*, 380 Md. 651, 661 (2004).

In *Attorney Grievance Comm'n v. Phillips*, this Court found that Mr. Phillips created a law firm consisting of himself, Mr. Dalton Phillips, and a Georgia attorney, hired an answering service for the firm, ordered letterhead for the firm, reserved a domain name for the firm, and ordered business cards for himself that included the suffix "Esq." all before he was a barred attorney. 451 Md. at 661. Moreover, this Court was unable to discern from the record if the Georgia attorney was aware that he was listed as one of the firm's three members. *Id.* After meeting a non-Maryland resident through a support group, Mr. Phillips considered it proper to represent the out-of-state resident as a client and prepare a cease and desist letter on her behalf. *Id.* Mr. Phillips then specifically chose to print the letter on letterhead naming a law firm, which Mr. Phillips knew did not exist. *Id.* Moreover, Mr. Phillips subsequently chose to sign the letter as Mr. Dalton Phillips, a

17

Maryland attorney, who had no knowledge of the letter at the time it was drafted. *Id.* at 661–663. After drafting and sending the letter, Mr. Phillips advised the non-Maryland resident about the possibility of pressing charges. *Id.* at 662.

This Court is extremely troubled by Mr. Phillips' actions summarized in *Attorney Grievance Comm'n v. Phillips.* These events reflect that Mr. Phillips acted deliberately and willfully in drafting legal documents, giving legal advice, and signing an attorney's name without the attorney's knowledge or consent. This Court has held that "dishonesty and unfitness to practice law [] are reflected" when such "conduct was both deliberate and willful." *Shryock*, 408 Md. at 122–23. Although Mr. Phillips asks this Court to view the events surrounding his father's disbarment as one instance that does not reflect his overall moral character, the events described above involve multiple deliberate actions on the part of Mr. Phillips reflecting on his fitness to practice law. Mr. Phillips deliberately chose to engage in the practice of law without a license by drafting a cease and desist letter as well as advising a non-Maryland resident about the possibility of bringing charges. Moreover, Mr. Phillips subsequently chose to sign a legal document for a licensed attorney despite being aware that he did not have that attorney's consent.

We are also unpersuaded by Mr. Phillips' argument that his unauthorized practice of law was one instance of bad conduct that does not properly convey his overall moral character. The Board's addendum to its Report and Recommendation and Mr. Phillips' motion in response confirm that Mr. Phillips' actions while engaging in the unauthorized practice of law were not outliers. Instead, the addendum and motion persuade this Court that Mr. Phillips specifically chose to misrepresent his status as a Maryland attorney both

18

in writing and in response to a verbal question in November 2017. Once again, Mr. Phillips urges this Court to accept that Mr. Phillips mistakenly submitted a resume indicating that he is barred by the State of Maryland. The nature of the resumes and Mr. Phillips' motion convey that Mr. Phillips once again attempts to conceal misrepresentations behind mistakes. Both resumes that Mr. Phillips attached to his motion use the phrase "Solon esq" in his email address and represent that his work history includes seven years as a "Junior Associate" at Arnold & Porter, LLP. Moreover, the online listing for the NASAA position specifically states that the applicant would be responsible for "provid[ing] legal advice, analysis, and expertise[.]" This Court does not doubt that Mr. Phillips understood these responsibilities as requiring admission to a state bar. Instead, this Court concludes that Mr. Phillips again acted deliberately and willfully in submitting a resume and answering a question misrepresenting his status as an attorney admitted to the Bar of Maryland. *See Shryock*, 408 Md. at 122–23. Based on this continuing pattern of misrepresenting his status as a Maryland attorney, this Court finds that Mr. Phillips does not possess the present moral character and fitness to practice law required to be granted admission to the Bar of Maryland.

## CONCLUSION

Overall, this Court agrees with the Board's report that Mr. Phillips has shown a pattern of "[p]artial or selective" candor and "failed to recognize the seriousness of the conduct that got his father disbarred[.]" In independently reviewing the record, this Court finds that Mr. Phillips has shown two distressing patterns. First, Mr. Phillips repeatedly failed to abide by this Court's requirement of absolute candor by his failure to disclose

19

pertinent Bar application information by submitting a timely supplement. *See Application of Strzempek*, 407 Md. at 113. Moreover, Mr. Phillips continued this trend of misrepresentations when he submitted a resume falsely indicating that he was barred by the State of Maryland and indicated to a potential employer that he would be barred in Maryland as of December 2017. Secondly, Mr. Phillips made multiple conscious decisions to engage in the unauthorized practice of law when he drafted legal documents and gave legal advice. We are persuaded that these incidents summarized in *Attorney Grievance Comm'n v. Phillips* were not one instance of bad conduct, especially because Mr. Phillips again misrepresented his status as a Maryland attorney as recently as November 2017. This Court finds that both of these continuing patterns reflect poorly on Mr. Phillips' present moral character. *See Application of Brown*, 392 Md. at 60.

Upon our independent assessment of Mr. Phillips' present moral character based on a review of the record, we conclude that Mr. Phillips has failed to meet his burden of proving that he possesses the good moral character and fitness for the practice of law. Therefore, Mr. Phillips' August 24, 2016, application for admission to the Bar of Maryland is, hereby, denied.

**IT IS SO ORDERED.**