*Solon Phillips v. Alyssa Chang, et al.*, No. 482, September Term, 2022. Opinion by Harrell, J.

**ATTORNEYS AND LEGAL SERVICES – POWER TO REGULATE AND CONTROL IN GENERAL**

**ATTORNEYS AND LEGAL SERVICES – POWER TO ADMIT AND LICENSE**

**COURTS – EXCLUSIVE OR CONCURRENT JURISDICTION**

The Supreme Court of Maryland possesses exclusive jurisdiction to regulate the practice of law. That includes not only the decision whether to admit an applicant, but also the process by which he or she qualifies for admission. A local character committee's examination of an applicant is a part of that process. Consequently, any alleged tortious conduct that occurs as part of that examination is exclusively within the jurisdiction of the Supreme Court to address. Appellant could not circumvent that exclusive jurisdiction by suing the members of a local character committee personally in a circuit court for the allegedly tortious conduct of not recommending his admission to the Bar of Maryland. The Circuit Court for Prince George's County correctly ruled it lacked subject-matter jurisdiction over the case.

Circuit Court for Prince George's County
Case No.: CAL2116864

REPORTED

IN THE APPELLATE COURT

OF MARYLAND*

No. 482

September Term, 2022

_____

SOLON PHILLIPS

v.

ALYSSA CHANG, ET AL.

_____

Friedman,
Albright,
Harrell, Glenn T., Jr.,
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Harrell, J.

_____

Filed: March 28, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

*At the 8 November 2022, general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Special Appeals of Maryland to the Appellate Court of Maryland. The name change took effect on 14 December 2022.

Volunteer Maryland attorneys, serving on local character committees, play an important role in vetting Maryland Bar applicants. Unfortunately, if an ultimately unsuccessful applicant takes umbrage at the local character committee's handling of, and recommendation regarding, his or her application, the applicant might seek legal redress against the local character committee member or members. Although there exists strong indication to believe that such a civil claim brought in a circuit court lacked a jurisdictional basis to proceed, we could find no reported Maryland case holding explicitly that local character committee members were immune from such an action.[1] This case fills that void.

## BACKGROUND

Solon Phillips, appellant, applied for admission to the Bar of Maryland 3 times in the last 15 years. He withdrew voluntarily his first application. The Supreme Court of Maryland[2] denied his second because he "failed to meet his burden of proving that he possesses the good moral character and fitness for the practice of law." *In re Phillips*, 457 Md. 113, 131 (2017). The present case flows from his third application. Although Phillips withdrew his latest application before resolution of this appeal, the record reflects that he

---

[1] There are, however, two unreported federal-court opinions, both of which reach the same conclusion we do here: that such cases are outside their jurisdiction. *See Martin v. Court of Appeals of Md.*, No. 88-1749, 1989 WL 21402, at *1 (4th Cir. Mar. 7, 1989); *Sibley v. Hergenroeder*, Civil Action No. DKC 2006-1222, 2006 WL 3354137, at *3-5 (D. Md. Nov. 17, 2006).

[2] On 14 December 2022, the name of the Court of Appeals was changed to the Supreme Court of Maryland.

at least believed it would fail for the same reason the Supreme Court denied his second application.[3]

Acting on this belief, Phillips sued Alyssa Chang, Brent Ahalt, and Arthur Horne, appellees and volunteer members of the Character Committee for the Fourth Appellate Judicial Circuit (collectively, "the Committee Members"), in the Circuit Court for Prince George's County. In a complaint that begins by analogizing the Committee Members to Adolf Hitler and southern slave owners, Phillips alleged that they committed a tortious act against him when they found that he "failed to meet his burden that he presently possesses the requisite moral character and fitness to practice law in Maryland."

Phillips's complaint advanced two counts. The first, titled "Violation of Md Rule Attorneys, 19-204, Character Review," alleged that the Committee Members "violated" the provisions outlined in Maryland Rule 19-204(a). It also alleged that the Committee Members' "findings shock the conscience—literally because there is no record or pattern of unscrupulous behavior, but on the contrary, the record is filled with patterns spanning over 30 years of [Phillips] consistently helping men, women, and children—even as an attorney."

The second count, titled "Gross Negligence," alleged that the Committee Members "failed to perform a manifest duty in a total disregard to [Phillips's] life" when, "[w]ith a

---

[3] With limited exception, "the proceedings before . . . a Character Committee, and the Board [of Law Examiners], including related papers, evidence, and information, are confidential and shall not be open to public inspection or subject to court process or compulsory disclosure." Md. Rule 19-105(a). The facts pertaining to Phillips's application are mined from his circuit court complaint in the present case.

2

straight *moral* face, they issued an *immoral* finding that has absolutely no connection to the record before them or reality." (Emphasis in original.) Both counts complain only of matters related to the Committee Members' roles as members of the character committee and their acts as such related to Phillips's Bar application.

Phillips did not request any specific relief in his complaint. Instead, he "le[ft] it to the [circuit court] to decide how [the Committee Members] should recompense [him] for the damages they have caused him."

The Committee Members moved to dismiss Phillips's complaint on three grounds: (1) lack of subject-matter jurisdiction; (2) failure to state a claim for which relief could be granted; and (3) judicial immunity. After supplemental briefing and a hearing, the circuit court granted the Committee Members' motion because each ground independently justified dismissal. This appeal followed.

## DISCUSSION

We review *de novo* a circuit court's decision to dismiss a complaint for lack of subject-matter jurisdiction. *Unger v. Berger*, 214 Md. App. 426, 432 (2013). Dismissal on this ground is proper when "the facts and allegations [in the complaint] establish a lack of subject[-]matter jurisdiction." *Id.*

The Supreme Court of Maryland has "exclusive jurisdiction over the regulation of, and admission to, the practice of law." *In re Application of Kimmer*, 392 Md. 251, 269 (2006). "That exclusivity has existed unabated and unassailed since 1898." *Id.* at 278. In the exercise of that exclusive jurisdiction, the Court adopted also rules governing the necessary standards and procedures for admission to the Bar of Maryland. Among these

3

are procedures related to examining each applicant's character. Md. Rules 19-204, 19-205.

As part of those procedures, the Court appoints a State Board of Law Examiners and a character committee for each state appellate circuit to review each applicant's character. Md. Rules 19-102, 19-103.

When character-related issues arise, they are examined separately by the Supreme Court, the applicable character committee, and the Board. A committee's examination of an applicant's character is governed, in part, by Rule 19-204(a):

**(a) Investigation and Report of Character Committee.**

(1) On receipt of a completed character questionnaire forwarded by the Board pursuant to Rule 19-205(d), the Character Committee, in accordance with procedural guidelines established by Board Rule, shall (A) interview the applicant (B) consider the facts stated in the character questionnaire and the submissions made by the applicant's references, and make any further investigation it finds necessary or desirable, which may include verification of facts asserted by the applicant or the applicant's references, (C) evaluate the applicant's character and fitness for the practice of law, and (D) transmit to the Board a report of its investigation and a recommendation as to the approval or denial of the application for admission.

(2) If the Committee concludes that there may be grounds for recommending denial of the application, it shall notify the applicant in writing and schedule a hearing. The hearing shall be recorded verbatim. The applicant shall have the right to testify, to present other testimony and evidence, and to be represented by an attorney. The Committee shall prepare a report and recommendation setting forth findings of fact on which the recommendation is based and a statement supporting the conclusion. A transcript of the hearing shall be transmitted by the Committee to the Board along with the Committee's report. The Committee shall transmit a copy of its report to the applicant, and a copy of the hearing transcript shall be furnished to the applicant upon payment of reasonable costs.

Md. Rule 19-204(a).

4

Acting under this Rule, local character committees provide an invaluable service to the Bar of Maryland and public at large. No duty ranks higher than the obligation to ensure that applicants "possess the requisite moral character fitness to conduct the affairs of others both in and out of court." *Application of Allan S.*, 282 Md. 683, 689 (1978). And "[n]o attribute in a lawyer is more important than good moral character; indeed, it is absolutely essential to the preservation of our legal system and the integrity of the courts." *Id.* Thus, a committee's report and recommendation are indispensable parts of the bar-admission process. Consequently, disputes arising from the formulation of a committee's report and recommendation are solely within the jurisdiction of the Supreme Court.

Yet, Phillips insists that his suit falls outside this exclusive jurisdiction because it "is not over 'the bar[-]admission process'" itself. He contends, "[h]is complaint concerns gross negligence, intentional tortious acts, and violations of Maryland law." Phillips cannot elude, however, the fact that the allegedly tortious acts he pleads occurred as *part* of the bar-admission process. That alone places this case squarely within the Supreme Court's exclusive jurisdiction. *See Kimmer*, 392 Md. at 278.

As the circuit court recognized correctly, *In re Application of Kimmer* controls here.[4] The issue in *Kimmer* was whether the circuit court possessed subject-matter jurisdiction to order an applicant be granted accommodation under the Americans with Disability Act when taking the bar exam. *Id.* at 254-55. The substance of the applicant's

---

[4] The defendants in *Kimmer* sought a preliminary injunction and/or restraining order directed to the State Board of Law Examiners. *Kimmer*, 392 Md. at 259-60. The suit did not name as defendants or implicate the duties of any local character committee members.

5

argument there is the same as Phillips's—his case was not about the bar-admission process, but rather "he merely used [an] appropriate legal process to obtain 'valid enforcement of his [legal] rights[.]'" *Id.* at 270. The Supreme Court rebuffed this argument. The Court observed that permitting circuit courts to decide *any* issue "in the bar[-]admission context, . . . would be participating in the undermining of [its] jurisdiction[.]" *Id.* at 278. It refused explicitly to do so. *Id.*

To avoid the same result, Phillips attempts to distinguish this case from *Kimmer* by arguing that the captions are different. This superficial distinction is wholly unpersuasive. *See Att'y Grievance Comm'n of Md. v. Malone*, 477 Md. 225, 271 n.16 (2022) ("[T]he nature of a filing is determined by its substance, rather than its caption."). *Kimmer* holds that the Supreme Court's exclusive jurisdiction covers not only the decision whether to admit an applicant, but also the process by which he or she may qualify for admission. *Kimmer*, 392 Md. at 269. That process includes a character committee's examination. *See* Md. Rules 19-204, 19-205. It follows, then, that any alleged tortious conduct that occurs as part of that examination is exclusively within the jurisdiction of the Supreme Court. *See Kimmer*, 392 Md. at 278.

In essence, the applicant in *Kimmer* and Phillips both sought to use other laws—the ADA there, and state tort law here—as a Trojan horse to smuggle their complaints about bar-admission-related matters into a circuit court. The Supreme Court stated clearly that it has "no intention of relinquishing [its jurisdiction] to any degree or extent." *Id.* The circuit court here recognized correctly that allowing an applicant to sue personally the members of a local character committee for acts performed as part of that role would be participating

6

in the undermining of the Supreme Court's exclusive jurisdiction. It did not err by refusing to do so.[5]

> **JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

[5] Because we affirm based on lack of subject-matter jurisdiction, we need not address the remaining grounds for the circuit court's ruling. *See Forster v. State, Off. of Pub. Def.*, 426 Md. 565, 580-81 (2012).